```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Donald Spinner

    v.                                                Civil No. 08-cv-067-JL

Warden, New Hampshire State Prison, et al.

## **O R D E R**

Donald Spinner filed a petition for a writ of habeas corpus (document no. 1) alleging five claims for relief.  On March 24, 2008, I directed Spinner to amend his petition to demonstrate state court exhaustion of his claims (document no. 6).  Spinner subsequently filed an addendum to his petition (document no. 7) purporting to demonstrate exhaustion of the claims before this Court.

The matter is again before me, therefore, to determine whether Spinner has exhausted his claims.  Attached to Spinner's addendum is a copy of the New Hampshire Supreme Court's Order affirming the decision of the trial court on Spinner's motion for a new trial and adopting the findings of that court.  Spinner has also attached the trial court's order.  That order makes it clear that four of the five claims raised here, alleging ineffective

assistance of trial counsel and the denial of a fair trial,[1] were in fact exhausted in the New Hampshire Supreme Court.

Spinner's fifth claim, numbered 3 in my March 24 Order to amend, however, does not appear to have been exhausted in the New Hampshire Supreme Court.  That claim alleges that Spinner's Fourteenth Amendment due process rights were violated by the court's exclusion of certain testimonial evidence at the hearing on Spinner's motion for a new trial.  That claim was raised in the notice of appeal seeking review of the motion for a new trial, but did not state any federal constitutional grounds for relief.  The New Hampshire Supreme Court's opinion did not address the propriety of the court's exclusion of evidence at all.  Accordingly, I find that Spinner has not yet demonstrated that this issue has been sufficiently presented to the New Hampshire Supreme Court to be considered to be exhausted for federal habeas purposes. See Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) ("In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his

---

[1] The claims that have been exhausted are numbered 1, 2, 4 and 5 in my March 24, 2008 Order to amend.

federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'") (internal citations omitted)).

I will again give Spinner the opportunity to amend his complaint to demonstrate exhaustion of the one claim for which exhaustion has not yet been demonstrated.  To that end, Spinner is directed that, within thirty days of the date of this Order, he must:

    1.    Amend his petition to demonstrate that the claim, including the federal nature of the claim, has in fact been exhausted; or, if the claim has not yet been exhausted,

    2.    Elect, in writing, to forego the unexhausted claim, in which case the other four claims may promptly be served upon the Respondent in this matter;[2] or

    3.    Move to stay this action so that Spinner may return to the state courts to exhaust the unexhausted claim.  If Spinner elects to stay this action and return to the state courts to complete exhaustion, he must file his state court action within thirty days of the date of this Order.  While this matter is

---

[2] Spinner should be advised that, should he opt to forego his unexhausted claim, that he will likely be unable to raise this claim in a future habeas action due to the prohibition against second or successive habeas petitions.  See 28 U.S.C. § 2244.

stayed, Spinner must notify this Court of the status of his state court matter every ninety days.  Once the New Hampshire Supreme Court has issued a final decision, Spinner must so notify this Court within thirty days of that decision, providing this Court, at that time, with complete copies of documents filed in the state courts demonstrating that the claim, including the federal nature of the claim, has been raised and exhausted.  Spinner should also provide this Court with complete copies of any orders or opinions issued by the state courts relative to the claim.

Should Spinner fail to amend his petition as directed, or otherwise fail to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.[3]  See 28 U.S.C.§ 2254(b).

**SO ORDERED.**

/s/ Justo Arenas
Justo Arenas
United States Magistrate Judge

Date:   August 15, 2008

cc:     Donald Spinner, pro se

---

[3] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural, and not based on the merits of Spinner's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).