UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Donald Spinner

   v.                                    Civil No. 08-cv-67-JL

Warden, New Hampshire State Prison

**O R D E R**

Donald Spinner filed his petition for a writ of habeas corpus (document no. 1) on February 25, 2008.  On March 24, 2008, Spinner was ordered to amend his petition to demonstrate that the five claims raised therein had been exhausted in the State courts (document no. 6).  On March 31, 2008, Spinner filed a response (document no. 7) to the Court's Order which demonstrated that four of Spinner's five claims had been exhausted in the State courts.  On August 15, 2008, Spinner was ordered (document no. 9) to either forego his unexhausted claim, amend his petition to demonstrate exhaustion of his fifth claim, or move for a stay in order to return to the State courts to exhaust the fifth claim, and then return to this Court to amend his petition to demonstrate exhaustion of all of the claims therein.  Spinner filed a motion to clarify the August 15 Order (document no. 10),

which was granted on August 25, 2008 (document no. 11).  In the Order granting the motion to clarify, Spinner was again directed to amend his petition to demonstrate exhaustion of his unexhausted claim.

Spinner has now filed another motion to amend his petition (document no. 12).  Spinner has not presented any new evidence of exhaustion, has not elected to forego his unexhausted claim, and has not requested a stay so that he might to return to the State courts to exhaust the claim.  Instead, Spinner asserts his belief that the claim is exhausted because a "reasonable jurist" reviewing the matter should have been aware of the federal nature of his claim.

I find that this assertion is insufficient to demonstrate exhaustion, and that, in fact, Spinner has not demonstrated exhaustion of his claim numbered 4 in the March 24 Order to amend.  This claim, unlike his other claims, challenges an evidentiary ruling made by the judge presiding over the hearing on Spinner's motion for a new trial.  The other claims raised in the federal petition assert deprivations of Spinner's federal constitutional rights to the effective assistance of counsel at trial and his right to a fair trial.  Nothing in any of the

pleadings filed by Spinner indicates that Spinner has ever presented a federal basis for his claim that witnesses were improperly excluded from his motion for a new trial hearing to any State court for consideration prior to filing his petition here.  Accordingly, I find that Spinner has failed to demonstrate exhaustion of this claim, despite being given numerous opportunities to do so.

## Conclusion

Spinner has two options.  Spinner may forego his unexhausted claim, in writing, within ten days of the date of this Order.  Upon receiving notice that Spinner has foregone his unexhausted claim, I will promptly direct the Respondent to answer his petition.  If Spinner opts not to forego his unexhausted claim, I will dismiss the entire petition, as a petition containing both exhausted and unexhausted claims must be dismissed.  See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)); Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) ("[A] federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in

respect to each and every claim contained within the application.").

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    October 23, 2008

cc:      Donald Spinner, pro se